# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5132 | **DATE** | July 14, 2003 |
| **CASE TITLE** | USA ex rel Prince Brown    v    Roger D. Cowan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered.
The instant petition for writ of habeas corpus is **dismissed**.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | JUL 17 2003 | |
| X | Notices mailed by judge's staff. | | date docketed | 28 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK  03 JUL 16 PM 3:51 | date mailed notice | |
| GDS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>PRINCE BROWN,<br><br>    Petitioner,<br><br>v.<br><br>ROGER D. COWAN,<br><br>    Respondent. | No.   01 C 5132<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

In 1991, petitioner Prince Brown was convicted of armed robbery, armed violence and attempt first degree murder in the Circuit Court of Lake County and sentenced to three concurrent 50-year terms. After pursuing a direct appeal, which resulted in a reversal of petitioner's attempt murder conviction, petitioner filed two post-conviction petitions pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 et seq., both of which were dismissed and later affirmed on appeal. Petitioner then filed a petition for relief from judgment pursuant to 735 ILCS 5/2-1401 which was dismissed, followed by a motion to vacate a void judgment, which was denied. In 2001, Petitioner filed a writ of habeas corpus in this court pursuant to 28 U.S.C. § 2254. For the reasons stated below, the petition is denied.

## FACTS

Petitioner was convicted of armed robbery, armed violence and attempt first degree murder following a jury trial on September 12, 1991. The charges arose from a shooting and robbery at Shorty's Tap in Waukegan, Illinois. After trial, petitioner wrote a letter to the trial judge complaining of the performance of his trial counsel, Joseph Waldeck, and requesting the

appointment of another attorney to assist him in preparing a post-trial motion. The trial judge appointed Richard Kopsick to investigate petitioner's claims of ineffective assistance of counsel. After reviewing the record and conducting interviews of trial counsel, petitioner, and an assistant public defender who was familiar with petitioner and his case, Kopsick concluded that petitioner's counsel had not been ineffective, and the trial court concurred. Waldeck subsequently filed a post-trial motion. At the hearing on that motion, Waldeck alluded to an alleged deal that was struck between the prosecution and one of its witnesses, Donnie Stevenson, through which Stevenson received a sentence reduction after petitioner's conviction:

> Judge, I would further note that it's come to my attention that Mr. Stevenson, although denying on the stand that he was going to be afforded any preferential treatment, that it is my understanding that, in fact, he was afforded preferential treatment in his case that was eventually heard by Judge Trobe on a later date.

The trial court denied petitioner's post-trial motion and sentenced him to three concurrent fifty-year terms.

On direct appeal to the Illinois Appellate Court, petitioner alleged that: (1) the jury had been incorrectly instructed regarding the charge of attempt murder; (2) he was denied effective assistance of counsel in his post-trial motion; (3) the conviction for armed violence should be vacated because it arose from the same act as his conviction for attempt murder; and (4) he was entitled to a new sentencing hearing. On appeal, petitioner was represented by appointed counsel Paul Glaser. On November 16, 1993, the appellate court reversed petitioner's conviction for attempt murder, and denied relief on the other three grounds asserted by petitioner. Petitioner filed a Petition for Leave to Appeal to the Illinois Supreme Court on September 5, 2001, which was denied on December 5, 2001.

On November 10, 1994, petitioner filed a pro se petition for relief pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 et seq., alleging that he was denied effective assistance of counsel at trial and Kopsick erred in concluding otherwise. In support of his petition, he attached the affidavit of Lee Carson, a public defender who formerly represented him. In his affidavit, Carson asserted (among other things) that, after Brown's conviction, Donnie Stevenson received his "unpromised" sentence reduction. Alex Rafferty was appointed to represent petitioner. On May 23, 1995, the petition was dismissed without an evidentiary hearing. According to the trial court, "the issue of ineffectiveness of trial counsel was raised on appeal and [] any additional criticisms of trial counsel could have been raised on appeal with the result that the issue of ineffectiveness of counsel is waived." Petitioner's subsequent motions to reconsider and requests for new counsel were denied.

Petitioner appealed the dismissal of his first post-conviction petition, arguing that: (1) due to allegations of ineffectiveness of counsel and the sentence reduction obtained by Donnie Stevenson (notwithstanding his testimony that he had not struck a deal with the state), he was entitled to an evidentiary hearing; and (2) petitioner was entitled into an inquiry into his request for new counsel concerning his motion to reconsider the dismissal of his post-conviction petition. The appellate court affirmed the dismissal of the post-conviction petition, concluding that petitioner should have raised the issue regarding Donnie Stevenson's deal with the State on direct appeal,[1] and Rafferty rendered adequate representation on his first post-conviction petition.

---

[1] In its February 23, 2000, order dismissing a subsequent post-conviction petition filed by petitioner, the appellate court noted that it affirmed the trial court's dismissal of petitioner's first post-conviction petition after it concluded that petitioner "waived his due process claim when he failed to raise it in the petition." (Emphasis added.) People v. Brown, No. 2--98--1083 (2000).

3

Petitioner, represented by Glaser, then sought leave to appeal to the Illinois Supreme Court, raising the single claim that the dismissal of his first post-conviction petition without an evidentiary hearing constituted an abuse of discretion. According to petitioner's brief, Carson's assertion that Stevenson had worked out a deal with the State "was based on knowledge of facts existing entirely off of the record of the direct appeal, meaning that concepts of res judicata and waiver do not apply. Whether in fact Donnie Stevenson secured a reduction in his sentence following his testimony against [petitioner], and whether that sentence reduction was secured with the implicit or explicit approval of the State, simply could not have been divined from the record in the direct appeal." On October 1, 1997, the Illinois Supreme Court denied leave to appeal.

According to petitioner, on January 2, 1998, he mailed a second pro se state post-conviction petition[2] to the Lake County Circuit Court Clerk. In that petition, he raised nine claims that counsel on direct appeal had been ineffective for not alleging ineffectiveness of trial counsel, and another claim of ineffective assistance of appellate counsel on appeal from the dismissal of his first post-conviction petition. On May 26, 1998, the trial court dismissed petitioner's second post-conviction petition as being frivolous and patently without merit.

On appeal of the dismissal of his second post-conviction petition, petitioner alleged ineffective assistance of counsel on direct appeal due to Glaser's failure to allege a violation of due process arising from Stevenson's deal with the State. After noting that defendant was represented by different attorneys on direct appeal and in his first post-conviction petition (Glaser and Rafferty, respectively), the appellate court concluded that petitioner had "an unrestricted

---

[2]Petitioner's second state post-conviction petition was file-stamped on March 2, 1998.

4

opportunity to develop his claim [of ineffective assistance] in his first [post-conviction] petition, and he offers no explanation why he failed to do so." The appellate court therefore affirmed the trial court's dismissal of petitioner's second post-conviction petition, holding that petitioner waived his ineffective assistance claim when he failed to raise it in his first post-conviction petition. Petitioner then sought leave to appeal to the Illinois Supreme Court, which was denied on July 5, 2000.

According to petitioner, on January 25, 2001, he mailed a petition for relief from judgment pursuant to 735 ILCS 5/2-1401 to the Lake County Circuit Court Clerk, claiming that his 50-year sentence was unconstitutional. This petition was filed-stamped on February 7, 2001. On February 23, 2001, the trial court dismissed the petition (which was treated as a post-conviction petition under 725 ILCS 5/122-1) as untimely, unsupported, lacking constitutional issues, frivolous and without merit, and further noted that the petition included issues that would be deemed waived.

On April 16, 2001, petitioner mailed a motion to vacate a void judgment, again challenging his sentence, which was file-stamped on April 26, 2001. That motion was denied on April 30, 2001. According to petitioner, on July 14, 2001, he mailed a Motion for Late Notice of Appeal with respect to the summary dismissal of plaintiff's February 7, 2001, petition, which was allowed on August 6, 2001. Petitioner then sought late notice of appeal on August 30, 2001, regarding the denial of petitioner's motion to vacate a void judgment. The appeals were consolidated on January 8, 2002, and appointed counsel Sherry Silvern concluded that an appeal of those matters was not meritorious. In her motion to withdraw, Silvern noted that "the [February 7, 2001] petition, if properly considered a post-conviction petition, was clearly outside

5

the limitations period contained in the [Post-Conviction Hearing Act]." Silvern added that, even if the petition had been considered under 2-1401, it would still be deemed untimely because it was not filed within two years of the date of judgment, and there were no allegations that petitioner was under legal disability or duress, or that grounds for relief were fraudulently concealed. On April 1, 2002, the Illinois Appellate Court continued petitioner's appeals for thirty days to permit petitioner to respond to Silvern's motion to withdraw. Petitioner subsequently filed a motion to dismiss his appeal, which was granted on April 25, 2002.[3]

Petitioner's federal habeas petition, brought pursuant to 28 U.S.C. § 2254, was signed by petitioner on June 29, 2001, and received by this court on July 2, 2001. Petitioner asserts five grounds for relief in the instant habeas petition: (1) his arrest was illegal and his alleged confession was the fruit of that illegal arrest; (2) Kopsick rendered ineffective assistance of counsel by reporting his opinion to the trial court that Waldeck had not been ineffective trial counsel; (3) petitioner was entitled to an evidentiary hearing in his first state post-conviction petition based on his claim of ineffective assistance; (4) the trial court should have appointed new counsel for the reconsideration of the dismissal of petitioner's first state post-conviction petition; and (5) petitioner was entitled to a state post-conviction evidentiary hearing regarding his claim that a State witness falsely testified that he was testifying without any expectation of leniency from the State.

On February 1, 2002, after petitioner represented to the court that he had a state post-conviction proceeding pending with respect to grounds (1), (2), and (4), the court dismissed the

---

[3]Because the exhibits submitted by the parties did not contain information regarding the disposition of the consolidated appeals, which is a matter of public record, the court obtained a copy of the April 25, 2002, order from the Clerk of the Illinois Appellate Court, Second District.

instant habeas petition with leave to reinstate after petitioner exhausted his state remedies. Petitioner's motion to reinstate was filed on March 5, 2002. In that motion, petitioner claimed that "the Illinois Supreme Court issued its order on December 5, 2001, in People v. Brown, Docket No. 10642 ... thereby exhausting all remedies on the issues referred to in the District Court's order of February 1, 2002." The exhibits attached to petitioner's motion to reinstate indicate that, on September 5, 2001, petitioner filed a motion in the Supreme Court of Illinois for leave to file a late petition for leave to appeal Case No. 2-91-1323 (his direct appeal), which was denied on December 5, 2001. The exhibits do not appear to reference any additional pending state post-conviction petitions or proceedings. Thus, petitioner's motion to reinstate was granted on March 5, 2002.

In its answer to the instant habeas petition, respondent seeks dismissal on grounds of timeliness, exhaustion and procedural default.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for habeas corpus relief filed under 28 U.S.C. § 2254. 28 U.S.C. § 2244(d)(1).[4] If a petitioner's conviction became final before AEDPA's enactment, this

---

[4]Section 2244(d)(1) provides that the limitation period shall run from the latest of, (a) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review, (b) the date on which a State-created impediment to filing that was either unconstitutional or in violation of the laws of the United States was removed, (c) the date on which a new constitutional right was recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

one-year statute of limitations does not start to run until AEDPA's effective date on April 24, 1996. Gendron v. United States, 154 F.3d 672, 675 (7th Cir. 1998).

AEDPA further provides, however, that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the one-year statute of limitations established under § 2244(d)(1). 28 U.S.C. § 2244(d)(2). To be "properly filed," an application for state post-conviction or other collateral review "must satisfy the state's timeliness requirements." Brooks v. Walls, 301 F.3d 839, 841 (7th Cir. 2002), citing Carey v. Saffold, 536 U.S. 214 (2002). Thus, when a state court dismisses a petitioner's collateral attack for failure to meet a filing deadline, that collateral attack was not "properly filed" under Section 2244 (d)(2). That a dismissal on timeliness grounds may be "entangled" with the merits does not alter the analysis. "[E]ven when the decision about timeliness depends in part on some aspect of the merits, a conclusion that the petition had been filed too late for purposes of state practice means that it was not 'properly filed' for purposes of § 2244(d)(2)." Brooks v. Walls, 301 F.3d at 849. If two state courts - for example, the trial and appellate courts - disagree as to whether the dismissal should be based on timeliness or the merits, the ruling of the last state court to articulate a reason governs. See Brooks v. Walls, 279 F.3d 518, 522 (7th Cir. 2002).

In the instant case, petitioner's direct appeal was concluded before the effective date of AEDPA, and the statute of limitations thus began to run on April 24, 1996. Gendron, 154 F.3d at 675. As noted earlier, however, petitioner's first state post-conviction petition was pending from November 1994 through October 1, 1997, when the Illinois Supreme Court denied petitioner leave to appeal the dismissal of that petition. As a result, the period of time from April 24, 1996

8

through October 1, 1997, did not count toward the one-year statute of limitations, and petitioner effectively had until October 1, 1998, to file the instant petition for habeas corpus.

Petitioner did not file the instant petition until June 29, 2001, however, almost thirty-three months after the October 1, 1998, deadline. The question then becomes whether the intervening motions filed by petitioner in state court effectively tolled the one-year statute of limitations as provided under Section 2244(d)(2). For the reasons that follow, the court concludes that petitioner's second state post-conviction petition and his motion to vacate a void judgment tolled the statute of limitations, but that his motion for relief from judgment did not. Accordingly, the instant habeas petition was not timely filed and must be dismissed.

Petitioner correctly points out that, in Illinois, the verified date on which a prisoner mails a petition counts as the proper date of filing. See People v. Saunders, 633 N.E.2d 1340, 1341 (Ill. App. 2d Dist. 1994) ("In light of the 'pro-mailing' policy adopted in recent cases, we conclude that the verified date of mailing determines when a post-conviction proceeding has been 'commenced' within the meaning of section 122-1."); Johnson, 232 Ill. App. 3d 882, 884 (Ill. App. 4th Dist. 1992) ("When a party has a deadline for filing a document, and filing by mail is permitted, the time of the mailing should logically control."). To this end, petitioner submits that he mailed, and thus filed, his second state post-conviction petition on January 2, 1998. Respondent maintains, however, that this second petition was filed two months later on March 2, 1998, the date on which it was file-stamped. Similarly, petitioner asserts that he sent his motion for relief from judgment on January 25, 2001, and sent his motion to vacate a void judgment on April 16, 2001, whereas respondent maintains that these documents were file-stamped and filed on February 7, 2001, and April 26, 2001, respectively.

9

In contrast to other cases in which the date of mailing has been deemed the date of filing, neither petitioner nor respondent has offered any evidence of the date on which petitioner's second petition was mailed. See, e.g., Saunders, 633 N.E.2d at 1343 ("The verified proof of service and affidavit that were attached to defendant's petition demonstrate that he mailed the petition on December 30, 1991."). Ordinarily, the court would ask petitioner and respondent to supplement the record with evidence pertaining to the dates of filing, such as proof of service, a certification, or an affidavit. In the instant case, however, because the court concludes that petitioner has exceeded the allowable statute of limitations even under the filing dates he has urged upon the court, the court need not supplement the record.

According to petitioner, he filed his second state post-conviction petition on January 2, 1998, three months after he was denied leave to appeal his first post-conviction petition to the Illinois Supreme Court. Petitioner's second state post-conviction petition proceedings terminated on July 5, 2000, when he was denied leave to appeal to the Illinois Supreme Court.

Petitioner did not file the instant habeas petition until June 29, 2001, almost twelve months after the conclusion of his second state post-conviction petition proceedings. As noted earlier, however, petitioner initiated two additional proceedings in state court in the interim: the January 25, 2001, petition for relief from judgment and the April 16, 2001, motion to vacate a void judgment. The court now turns to the issue of whether, and for how long, either of those motions tolled the statute of limitations.

As noted earlier, the January 25, 2001, petition for relief from judgment was deemed untimely by the state trial court. Thus, it was not "properly filed" under Section 2244(d)(2) and

did not toll the statute of limitations. See Brooks v. Walls, 301 F.3d at 849; Carey v. Saffold, 536 U.S. at 226.

The April 16, 2001, motion to vacate a void judgment was dismissed on April 30, 2001. According to Illinois Supreme Court Rule 303(a), petitioner then had thirty days to file his notice of appeal. As noted earlier, however, petitioner did not seek to file his late notice of appeal until August 30, 2001. Thus, petitioner's motion to vacate a void judgment was pending from April 16, 2001, through April 30, 2001,[5] when it was denied, and was resuscitated again on August 30, 2001.

Prior to the filing of the instant petition, therefore, petitioner's motion to vacate a void judgment tolled the statute of limitations for fifteen days. When taken together with the three month delay between petitioner's first and second state post-conviction petitions, however, it is clear that petitioner did not file the instant petition within the one-year statute of limitations. Petitioner did not have applications pending for three critical periods of time: (1) October 2, 1997, through January 1, 1998 (92 days); (2) July 6, 2000, through April 15, 2001 (283 days); and (3) May 1, 2001, through June 28, 2001, the day before the instant petition was filed (59

---

[5]In Fernandez v. Sternes, 227 F.3d 977, 979 (7th Cir. 2000), the Seventh Circuit held that the statute of limitations is tolled during the time between the late filing of appeal and the state court's decision on the merits: "The right period of exclusion is all time between the filing of the request to excuse the default and the state court's decision on the merits." The time after the appeal deadline has passed and before a petitioner's late notice of appeal is filed is not tolled under Section 2244(d)(2), however. Id. at 980 ("[I]t is not sensible to say that the petition continues to be 'pending' after the time for further review has expired without action to continue the litigation. That a request may be resuscitated does not mean that it was 'pending' in the interim."). The Fernandez court reserved the question whether the original time to appeal should be excluded as well, noting that it was not an outcome-determinative issue in that case. Id. ("Twenty-one days more or less makes no difference to Fernandez."). Similarly, in the instant case, even if the court excluded petitioner's thirty-day appeal period, it would still conclude that petitioner did not file the instant habeas petition within the one-year statute of limitations.

11

days). Because these time periods, taken together, exceed the one-year statute of limitations, the instant petition for habeas corpus must be dismissed for lack of timeliness.

Because the court finds the issue of timeliness to be dispositive, it need not reach the merits of respondent's arguments regarding procedural default and waiver.

## **CONCLUSION**

For the reasons stated herein, the instant petition for habeas corpus is dismissed.

ENTER: July 14, 2003

Robert W. Gettleman
United States District Judge